CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 25 2015

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CARROLL PENDLETON,<br>    Plaintiff, | Civil Action No. 7:15-cv-00405 |
| v. | **MEMORANDUM OPINION** |
| DOUG STANLEY, et al.,<br>    Defendants. | By:  Hon. Michael F. Urbanski<br>      United States District Judge |

Carroll Pendleton, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff names various people affiliated with the Rappahannock-Shenandoah-Warren Regional Jail ("Jail") as defendants. Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Although Plaintiff is dissatisfied with the conditions of confinement at the Jail, Plaintiff does not describe any personal act or omission by any defendant. Accordingly, the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.[1]

ENTER: This 24th day of August, 2015.

/s/ Michael F. Urbanski
United States District Judge

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing facts or statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).